IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ISAAC PETERSON BEY,** | ) | CASE NO. 1:24-CV-00989 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| **CHARLES POTTON, et al.,** | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Isaac Peterson Bey filed this action under the "Treaty of Peace and Friendship" against Charles Potton[1], Michael O'Malley, Cuyahoga County, and the State of Ohio. Plaintiff's Complaint is incomprehensible. His Statement of Claim in its entirety reads, "Cuyahoga Sheriff's Department kidnapped me as well as stole my property then Michael O'Malley and Charles Potton with the help of the State of Ohio created stock and bond against my wishes." (R. 1 at PageID #: 4). He contends that he "was not able to travel the world without stress of kidnap." (R. 1 at PageID #: 4). He seeks $ 10,000.00 for every minute he was in court and "removal of [his] fingerprints from the system." (R. 1 at PageID #: 4).

Plaintiff filed an Application to Proceed *In Forma Pauperis*. (R. 2). That Application is granted, but this action is dismissed for the following reasons.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief

---

[1] It is possible that Plaintiff is referring to Charles L. Patton, Jr., a Cleveland Municipal Court Judge.

can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Although the Plaintiff is not required to include detailed factual allegations, he must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

Plaintiff's Complaint lacks an arguable basis in law and fact. To meet the minimum notice pleading requirements of Federal Civil Procedure Rule 8, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff does not assert any legal claims. The Treaty of Peace and Friendship between the United States and Morocco does not provide a private cause of action to Plaintiffs in a civil case. *See Bey v. Sessler*,

No. 23-3421, 2024 WL 2078564, at *2 (6th Cir. Feb. 29, 2024) ("Courts routinely reject the sort of 'meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans,' such as the arguments included in Bey's filings") (quoting *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017); *Bey v. Ohio*, No. 1:11-CV-01126, 2011 WL 4688780, at *3 (N.D. Ohio Oct. 4, 2011) ("the Treaty of Peace and Friendship and the International Religious Freedom Act, do not provide a private cause of action in a civil case"); *Grayson-Bey v. Southfield Police Dep't*, No. CV 19-13588, 2020 WL 7701016, at *2 (E.D. Mich. Nov. 10, 2020) (concluding plaintiff's invocation of the Treaty of Peace and Friendship is "facially frivolous"). Furthermore, Plaintiff fails to allege sufficient facts for the Court or the Defendants to determine what allegedly happened to him, when it happened or how each of the Defendants allegedly was involved. Without any indication of a viable legal claim or sufficient facts to determine the factual basis for his Complaint, Plaintiff fails to meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678.

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (R. 2) is granted. This action, however, is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: May 16, 2025

*David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE